Argued December 6, 1977, vacated in part, affirmed in part April 18, 1978

STATE OF OREGON, *Respondent,*
*v.*
WILLIAM JOEL FISH, *Petitioner.*
(No. C-76-03-04368, SC 25486, CA 6918)
577 P2d 500

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

DENECKE, C. J.

Linde, J., specially concurring.

## DENECKE, C. J.

Defendant was convicted, in a trial to a jury, of burglary in the first degree and of murder. The trial court imposed the mandatory life sentence for murder, and the maximum term of imprisonment, 20 years, for the burglary. The sentences are to run consecutively. The Court of Appeals affirmed. 29 Or App 15, 562 P2d 220 (1977).

■ Petitioner asserts he was convicted of felony murder. Criminal homicide is defined as murder when it is committed intentionally ("intentional murder") or, if unintentionally, in connection with certain felonies ("felony murder").[1] The petitioner contends that he may not be punished for both felony murder and the associated felony; in this case, burglary in the first degree.[2]

In *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), we considered a similar problem; however, as the Court of Appeals pointed out, the precise holding of *Woolard* is inapplicable. The defendant in *Woolard* was charged with and convicted of both burglary in a dwelling, committed by breaking and entering with intent to steal, and larceny in a dwelling, committed on the same occasion. The applicable statutes did not expressly indicate whether the legislature intended to authorize multiple sentences under those circumstances. In the absence of any such indication, and because the penalty for burglary in a

---

[1] ORS 163.115 provides:

"(1) Except as provided in ORS 163.118 and 163.125 [not applicable here], criminal homicide constitutes murder when:

"(a) It is committed intentionally by a person who is not under the influence of an extreme emotional disturbance; or

"(b) It is committed by a person * * * who commits or attempts to commit * * * burglary in the first degree [or another of the enumerated felonies] and in the course of and in furtherance of the crime he is committing or attempting to commit, or the immediate flight therefrom, he * * * causes the death of a person other than one of the participants."

[2] ORS 164.225.

[ 55 ]

dwelling was significantly more severe than the penalty for larceny in a dwelling, we concluded that the legislature intended the punishment for the burglary to also constitute the punishment for the larceny which might follow.

In the present case, as in *Woolard,* we are without express guidance either in the statute or the legislative history as to the legislature's intent. We know only that it has provided for a substantially enhanced penalty for unintended homicide when committed while attempting, carrying out, or escaping after any of certain serious felonies. All of the listed felonies are inherently dangerous to human life. When that danger is realized and a life is taken, although unintentionally, during the commission of one of those crimes, the legislature has provided a mandatory sentence of life imprisonment.[3] In other circumstances, the maximum penalty for unintentional criminal homicide is 20 years. It is apparent that the legislature took the felony into account when it set the penalty for felony murder. It would be unreasonable to assume that it intended to provide for double punishment by authorizing an additional sentence for the felony. It follows that defendant's sentence for burglary must be vacated.[4]

During oral argument, there was considerable discussion about whether we could properly reach the issue involved here. Although the indictment charged only felony murder and burglary, the jury was instructed, at the state's request, that it could find defendant guilty of murder if it found that the

---

[3] ORS 163.115(5).

[4] *Accord: State ex rel Wikberg v. Henderson,* 292 S2d 505, 509 (La 1974); *People v. Anderson,* 62 Mich App 475, 233 NW2d 620, 623-624 (1975) (Both decided on a double jeopardy rationale). *Contra: State v. Briggs,* 533 SW2d 290 (Tenn 1976). Other recent cases we have examined are not helpful either because they are based on statutory language significantly different from ours, e.g., *Burke v. State,* 234 Ga 512, 216 SE2d 812 (1975), or because they do not address the question of legislative intent. E.g., *Commonwealth v. Sparrow,* 471 Pa 490, 370 A2d 712 (1976); *Price v. State,* 261 Md 573, 277 A2d 256 (1971).

defendant had killed the victim either intentionally or in the course and in furtherance of the burglary. Although defendant excepted to this instruction, he has not assigned it as error on appeal,[5] or otherwise challenged the procedures which permitted the jury to return a verdict of guilty of murder without specifying whether or not the conviction was for felony murder. Defendant's argument that he cannot be punished for both the murder and the burglary is sound only if the conviction was for felony murder. The verdict was ambiguous on this point.

The possible consequences of the ambiguity were equally foreseeable by both the state and the defendant. The cause of the ambiguity was the prosecution's decision to proceed against defendant on intentional murder and felony murder and to request an instruction permitting the jury to convict of murder on either theory (or a combination of the two). The prosecution took no steps, such as the submission of a special verdict form, to insure that the verdict would not be ambiguous. We have, therefore, resolved the doubt in defendant's favor and assumed that he was convicted of felony murder. *See People v. Anderson,* 62 Mich App 475, 233 NW2d 620, 623-624 (1975).

Defendant also contends that the jury should have been instructed on the statutory presumption that a blood alcohol level of .10% or more indicates that the subject is under the influence of alcohol.[6] The Court of Appeals correctly held that defendant's requested instruction was properly refused.

---

[5] Perhaps his failure to do so is explained by our holdings in *State v. Earp,* 250 Or 19, 26-27, 440 P2d 214, *cert den* 393 US 891, 89 S Ct 212, 21 L Ed2d 170 (1968), and *State v. Reyes,* 209 Or 595, 621-626, 303 P2d 519, 304 P2d 446, 308 P2d 182 (1957). Those cases held that under an indictment alleging only premeditated murder it was proper to admit evidence tending to prove felony murder and, if the evidence warranted, to instruct the jury on both theories.

[6] The requested instruction was based on former ORS 483.642, repealed 1975 Oregon Laws ch 451 § 291.

The sentence for the burglary is vacated. The conviction and sentence for murder are affirmed.

**LINDE, J.,** concurring.

In the instructions referred to in the court's opinion, the trial court not only submitted to the jury two alternative theories of murder, only one of which was charged in the indictment; the court also told the jury that they could find the defendant guilty of murder though they did not agree whether it was intentional or felony murder.[1] In effect, this would mean that a defendant could be found guilty of murder even though half the jurors did not believe he intentionally caused decedent's death and the other half did not believe he committed the alleged felony. For instance, in the case of a victim's death in a fire, a defendant might be found guilty of murder though half the jury believed that he intentionally killed the victim but did not set the fire while the other half believed he committed arson but did not even know there was a person in the building. Despite what is quoted in *State v. Reyes* from an opinion of the New York Court of Appeals,[2] such an instruction cannot square with the requirement that ten members of a jury, or twelve in a murder case, must be convinced of the elements necessary to make out the crime charged beyond a

---

[1]The court stated:

It is not necessary for all of you as jurors to agree on whether the Defendant committed intentional murder or felony murder so long as you unanimously agree that the Defendant is guilty beyond a reasonable doubt of murder; that is some of you could feel that the Defendant is guilty under one theory and some of you could feel that the Defendant is guilty under another theory and you could still agree on a verdict provided you all agree that one way or the other a murder was committed by the Defendant.

[2] *People v. Sullivan,* 173 NY 122, 127, 65 NE 989, 989 (1903), *quoted in State v. Reyes,* 209 Or 595, 621-622, 308 P2d 182 (1957). *Reyes* itself only held that a jury could be instructed on felony murder under an indictment charging intentional murder, the opposite of the present situation. The question how this squares with the supposed role of the grand jury was not discussed.

reasonable doubt. Or Const art I, § 11; ORS 136.415, 136.450.

However, defendant objected only to the first aspect of the instruction stated above and did not pursue even that objection on appeal. Thus only the burglary sentence must be vacated.

Lent, J., joins in this concurring opinion.