On appellant's petition for reconsideration filed July 25;
on respondent's petition for reconsideration filed July 25;
former opinion filed June 25 (40 Or App 753, 596 P2d 598),
petitions for reconsideration granted, former opinion modified;
affirmed October 8, 1979, appellant's reconsideration denied
January 17, petition for review allowed March 11, 1980

STATE OF OREGON,
*Respondent,*
*v.*
JOHNNY CHARLES BRUNO,
*Appellant.*
(No. 78-1761, CA 11492)
600 P2d 948

Harry T. Carp and Chez & Carp, Eugene, filed the appellant's petition for reconsideration.

J. Pat Horton, District Attorney, and Brian R. Barnes, Assistant District Attorney, Eugene, filed the respondent's petition for reconsideration.

LEE, J.

## LEE, J.

The state has filed a petition for review in the Supreme Court, which we treat as a petition for reconsideration. Rule 10.10, Rules of Appellate Procedure. The burden of the petition is that the evidence we held erroneously received would not have changed the result of the trial because the other evidence of guilt was substantial and convincing. We agree that the error was harmless in the light of the other overwhelming evidence that the defendant was guilty of the murder of his wife. Or Const, amended Art VII, § 3; *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).

Defendant also filed a petition for review, reasserting his contention that the trial court erred in permitting the state to proceed on both intentional murder and felony murder theories and in instructing the jury that, while the jurors could not convict unless they were unanimous in believing the defendant guilty of murder, it was not necessary for them to agree unanimously about which of the state's alternative theories established defendant's guilt.

The decisions in *State v. Reyes,* 209 Or 595, 621-22, 303 P2d 519, 304 P2d 446, 308 P2d 182 (1957), *State v. Earp,* 250 Or 19, 26, 440 P2d 214, *cert den* 393 US 891, 89 S Ct 212, 21 L Ed 2d 170 (1968), and *State v. Hazelett,* 8 Or App 44, 46, 492 P2d 501, *rev den* (1972), are adverse to defendant's contentions. He argues, however, that the holdings in those cases are no longer viable in light of certain provisions of the 1971 Criminal Code, which pertain to a defendant's ability to form criminal intent—an issue which would be relevant as a defense to an intentional murder theory but presumably not relevant as a defense to a felony murder theory.

We are not persuaded by defendant's statutory arguments. However, we note that the Supreme Court's opinion in *State v. Fish,* 282 Or 53, 577 P2d 500 (1978), makes it questionable whether that court would adhere to *Reyes* and *Earp* if the "alternative theory"

issue again were to come before it. The two concurring judges strongly suggested their disagreement with the earlier cases. *See* 282 Or at 58.[1] The issue defendant raises was not decided in *Fish,* however, and it is for the Supreme Court rather than this court to decide whether *Reyes* and *Earp* are to be overruled. We therefore conclude that the trial court's permitting the state to proceed on the alternative theories and in so instructing the jury was not error.

The petition for reconsideration by the State of Oregon and the petition for reconsideration by the defendant are allowed. The former opinion is modified as described above. The judgment of the trial court is affirmed.

---

[1] *See also* the majority's discussion at 282 Or 56-57.