Argued and submitted June 17, 1981, affirmed March 22,
reconsideration denied April 27,
petition for review denied May 18, 1982 (293 Or 146)

# JERRY LYNN RILEY,
*Appellant,*

*v.*

# CUPP,
*Respondent.*

## (No. 114007, CA A20438)

642 P2d 333

Ken L. Betterton, Salem, argued the cause for appellant. With him on the brief was Enfield & McConville, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were Dave Frohnmayer, Attorney General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

The question presented by this appeal is whether a conviction on stipulated facts, for intentional murder in a trial under an indictment charging aggravated felony murder, violates the due process guarantees of the federal and state constitutions.[1] We hold that it does not.

Petitioner was indicted for aggravated felony murder, ORS 163.095, on May 15, 1978, by the Multnomah County Grand Jury. The indictment specifically charged him with causing the death of Chan Van Mac by shooting him while attempting to rob him. Petitioner, through his lawyer and the district attorney's office, entered into a plea agreement pursuant to which petitioner waived his right to jury trial, stipulated to the facts on the murder charge and was found guilty of murder.[2] He understood that a sentence of life imprisonment would be imposed.

Trial was held on July 11, 1978, and the stipulated facts are summarized as follows: Petitioner had been drinking the evening of the murder. He went to an establishment where he could play foosball and there observed and decided to rob the victim.[3] He followed the victim from the establishment to a bus stop and ordered him to turn over his money. After the victim gestured in some unspecified manner, petitioner told him that his money was not worth his life, repeated the order and grabbed the victim, who responded with a defensive blow. Petitioner stepped back and, because of his brother's advice that "if you pull a gun you had better be ready to use it," shot the victim. He said that he did not know whether he shot because he did not want to get caught by the police or

---

[1] The Fourteenth Amendment of the United States Constitution provides, in part:

"* * * [N]or shall any state deprive any person of life, liberty, or property without due process of law * * *"

Article I, section 11, of the Oregon Constitution provides, in part:

"In all criminal prosecutions, the accused shall have the right * * * to demand the nature and cause of the accusations against him, and to have a copy thereof * * *"

[2] Petitioner was convicted of an unrelated burglary in the same proceeding.

[3] Petitioner described the crime, including his thoughts as he committed it, to a police detective in an interview on May 10, 1978. His statements were substantiated, to the extent that they could be, by other witnesses and evidence.

because he was afraid that the victim would hurt him. He did say that, as he ran away from the area, he had hoped that the victim would die. The victim died in surgery.

Immediately after the evidence had been read into the record, the court stated orally that in accordance with the plea agreement he found petitioner guilty of murder in that he had intentionally killed the victim. The trial order and the judgment simply recited that defendant was found guilty of murder. On July 28, 1978, petitioner was sentenced to life imprisonment on the murder conviction. He subsequently filed a petition for post-conviction relief, pursuant to ORS 138.510 to 138.680. A trial was held, and the post-conviction court denied the petition. Petitioner appeals.

Petitioner contends that it was improper to convict him of intentional murder because the indictment charged only aggravated felony murder. He acknowledges that a person can be convicted of a crime with which he has not been specifically charged if that crime is a lesser included offense of a crime with which he is charged. ORS 136.465. He argues, however, that intentional murder is not a lesser included offense of aggravated felony murder.[4]

ORS 163.095 provides, in relevant part:

"As used in ORS 163.105 and this section, 'aggravated murder' means murder *as defined in ORS 163.115* which is committed under, or accompanied by, any of the following circumstances:

"* * * * *

"[2](d) The defendant personally committed the homicide in the course or in the furtherance of the crime of robbery in any degree, kidnapping or arson in the first degree, any sexual offense specified in this chapter, or in immediate flight therefrom." (Emphasis added.)

ORS 163.115 provides, in relevant part:

"(1) Except as provided in ORS 163.118 and 163.125, criminal homicide constitutes murder when:

---

[4] The post-conviction court ruled that intentional murder is not a lesser included offense of aggravated felony murder, but that petitioner waived the defect in the indictment, because he had bargained for the result which he obtained. We need not consider the waiver issue, however, because we hold that the indictment was not defective.

"(a)   It is committed intentionally by a person who is not under the influence of an extreme emotional disturbance;

"(b)   It is committed by a person, acting either alone or with one or more persons, who commits or attempts to commit arson in the first degree, burglary in the first degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree or sodomy in the first degree and in the course of and in furtherance of the crime he is committing or attempting to commit, or the immediate flight therefrom, he, or another participant if there be any, causes the death of a person other than one of the participants; * * *."

ORS 163.115(1)(b) is commonly referred to as "felony murder," and ORS 163.095(2)(d) is referred to as "aggravated felony murder."

■ ■   An offense is included under the offense charged if the offense charged includes all of the statutory elements of the included offense, or if all elements of the included offense are set forth in the accusatory instrument. ORS 136.465. *State v. Moroney,* 289 Or 597, 600, 616 P2d 471 (1980). Homicide committed in the course of commission of a felony, ORS 163.115(1)(b), and homicide committed intentionally, ORS 163.115(1)(a), are alternate ways of committing murder. It has been held that an indictment for one, intentional murder, will support a conviction for the other, felony murder. *State v. Bruno,* 42 Or App 539, 541-542, 600 P2d 948 (1979), *aff'd* 290 Or 159, 619 P2d 648 (1980); *State v. Earp,* 250 Or 19, 27, 440 P2d 214, *cert den* 393 US 891 (1968); and *State v. Reyes,* 209 Or 595, 621-626, 303 P2d 519, 304 P2d 446, 308 P2d 182 (1957).[5] We think that holding controls this case as well. ORS 163.095, by definition, makes murder, ORS 163.115, an included offense, because one cannot commit aggravated murder

---

[5] *State v. Reyes,* 209 Or 595, 303 P2d 519, 304 P2d 446, 308 P2d 182 (1957), has recently been criticized by some members of the Supreme Court. *State v. Fish,* 282 Or 53, 56-57, 577 P2d 500 (1978). In *Fish* the concurring judges both disagreed with that much of *Reyes* which states that a jury can convict for murder even though they may disagree among themselves whether the defendant committed felony murder or intentional murder and observed that *Reyes* had never been extended to the converse situation, *i.e.,* indictment for felony murder - conviction for intentional murder. Even if the concurrence was intimating that *Reyes* should not be extended, however, its objections to *Reyes* do not apply in a trial to the court.

without necessarily committing murder in *some* form.[6] The evidence stipulated to by defendant would support conviction of murder, either in the course of commission of a felony or intentionally. Petitioner's due process rights were not violated.

Affirmed.

---

[6] ORS 163.095(2)(d), as amended by the 1981 legislature, specifically makes intentional murder an included offense.