Argued and submitted July 29, 1987, convictions for aggravated murder merged under count II and sentence under count I vacated, otherwise affirmed September 14, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# BRIAN SCOTT MADISON,
*Appellant.*

(1218; CA A37420)

760 P2d 1384

Sally L. Avera, Deputy Public Defendant, Salem, argued the cause for appellant. On the brief were Gary D. Babcock, Public Defender, and Ernest E. Estes, Deputy Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction for aggravated murder and robbery, arguing that the court erred in failing to merge the convictions, imposing a minimum sentence, sentencing him as a dangerous offender, refusing to grant a mistrial and imposing costs. Defendant was indicted on two counts of aggravated murder. ORS 163.095. Count I charged him with aggravated felony murder by alternative means. First, the elements of burglary were alleged, and it was also alleged that defendant killed Broyhill in furtherance of the burglary. Alternatively, the elements of robbery I were alleged, and it was alleged that defendant killed Broyhill in furtherance of the robbery. Count II charged defendant with aggravated murder for hiring co-defendant Langland to kill Broyhill.

The court instructed the jury on the elements of aggravated felony murder-burglary, including the elements of burglary I, indicating that burglary I was a lesser included offense of aggravated felony murder. The court gave the same instructions on aggravated felony murder-robbery. It also instructed on aggravated murder for hire and on purported lesser included offenses.[1] The court gave the jury three verdict forms but instructed the jury to enter only one check on each. The forms did not address all the possible verdicts that the jury could reach under the instructions. The jury found defendant guilty of aggravated felony murder-robbery, aggravated felony murder-burglary and aggravated murder for hire. There was no verdict finding defendant guilty of any of the other lesser included offenses, including robbery I or burglary I.

On count II, defendant was sentenced to a life term, with a 30-year minimum mandatory sentence for aggravated murder for hire. He does not challenge that conviction or sentence. On count I, the court, in sentencing defendant said:

> "[T]he defendant is *being sentenced for an underlying felony contained within the felony murder charged in Count I of the indictment,* that the underlying felonies seriously endangered the life and safety of another, that the defendant is suffering from a severe personality disorder indicating a propensity

---

[1] The court instructed on the lesser included offenses of felony murder, robbery I, II and III, theft I, burglary I, intentional murder and manslaughter.

toward criminal activity, that the defendant has been previously convicted of a felony not related to the instant crime as a single criminal episode."

The court found defendant to be a dangerous offender, pursuant to ORS 161.725, and sentenced him to 30 years, with a 15-year minimum mandatory sentence under ORS 144.110(1), to be served consecutively to the sentence imposed in the aggravated murder for hire conviction.

We address defendant's first three assignments of error together, because they concern a common legal issue. Defendant contends that imposition of multiple sentences on two counts of aggravated murder, where there was but a single homicide, was error. Further, he argues that it was error to sentence him as a dangerous offender under ORS 161.725(1), because in each count he was being sentenced for aggravated murder and not for a Class A felony, pursuant to the statute. Finally, defendant argues that the court erred in imposing a minimum sentence under ORS 144.110 on count I and in requiring that it be served consecutively to the sentence on count II.

The state responds that the defendant misunderstands what the court did on count I. The court did not, the state argues, sentence defendant for aggravated felony murder. Rather, it merged the felony murder with the underlying felonies of robbery I and burglary I and sentenced him for robbery. The state contends that the jury necessarily found, incident to the two felony murder verdicts, that defendant had committed or attempted to commit burglary I and robbery I and that that allowed the court to impose a dangerous offender sentence of 30 years with a 15-year minimum on the robbery.

We disagree with the state's theory. The jury found defendant guilty of aggravated murder under three theories. However, he cannot be deemed to have three murder convictions and cannot be sentenced for more than one murder. In effect, the three separate verdicts of guilty for aggravated murder must merge into a single murder conviction. The state argues, however, that there were not three murder convictions to merge, because the court properly merged the aggravated felony murder into the underlying felonies under *State v. Fish,* 282 Or 53, 577 P2d 500 (1978), which held that a defendant

cannot be sentenced for both felony murder and the underlying felony. However, in *State v. Fish, supra,* the defendant was *convicted* of felony murder *and* burglary and sentenced on both charges. Here, defendant was not convicted of the underlying felonies, so there were no felony convictions into which to merge the felony murder.

■ By finding defendant guilty of aggravated felony murder-burglary and aggravated felony murder-robbery, the jury did not necessarily find defendant guilty of the two underlying felonies. The jury necessarily found the facts consistently with commission of burglary I and robbery I or an attempt to commit each one, but it did not find him guilty of either charge. The court instructed on those crimes as lesser included offenses and told the jury that it could determine whether defendant was guilty of either or both. The verdict form listed robbery I and burglary I as lesser included offenses and had a space to designate a finding of guilty. The space by all lesser included offenses was blank. Accordingly, there was no finding of guilt and no verdict on which to base a judgment of conviction and a sentence for either underlying felony. *See* ORS 137.020.

■ Because there was no verdict on which to base a sentence for either of the underlying felonies, the court's imposition of an enhanced sentence under the dangerous offender statute was error. That statute is inapplicable to defendant, who received a life sentence on count II for aggravated murder. *State v. McCormick,* 80 Or App 191, 721 P2d 471, *rev den* 302 Or 86 (1986). Similarly, the court's imposition of a minimum sentence of fifteen years pursuant to ORS 144.110 was error. A minimum sentence under ORS 144.110 cannot be imposed on a life sentence for murder. *State v. Macy,* 295 Or 738, 671 P2d 92 (1983).[2]

Finally, defendant assigns error to the court's denial of his motion for a mistrial. He argues that a comment by the prosecutor in his closing argument, allegedly referring to defendant's decision not to testify, coupled with the court's

---

[2] Defendant's fourth assignment of error is the court's imposition of costs. However, because he did not raise that issue below, we will not consider it for the first time on appeal. *State v. Linthwaite,* 295 Or 162, 175, 665 P2d 863 (1983).

failure to give a cautionary instruction to the jury, required a mistrial. The prosecutor stated:

"By this stage, it's clear—it's clear that Brian Madison murdered Kevin Broyhill either by Murder for Hire or by * * * participating personally and intentionally in that killing of Kevin Broyhill even without Brian Madison telling us so."

A comment by the prosecutor on a defendant's silence, when that silence permits an inference of guilt, is contrary to the Fifth and Fourteenth Amendments to the United States Constitution. *State v. McCartney,* 65 Or App 766, 672 P2d 1210 (1983), *rev den* 296 Or 638 (1984). The court has discretion to decide whether to grant a motion for a mistrial. *See State v. Flores,* 31 Or App 187, 190, 570 P2d 94 (1977). Whether that discretion is properly exercised depends on the likelihood that the jury would draw a prejudicial inference from the comment. *State v. Wall,* 78 Or App 81, 85, 715 P2d 96, *rev den* 301 Or 241 (1986). A curative instruction, which defendant here never requested, may limit the effect of such an improper inference. *State v. Macomber,* 18 Or App 163, 169, 524 P2d 574, *rev den* (1974). However, as the trial judge noted, it was not clear from the context of the prosecutor's comment that he was referring to defendant's decision not to take the stand. Even if it could have been interpreted to be such a comment, we do not think that the court abused its discretion in denying defendant's motion for a mistrial. The prosecutor's comment seems to have been inadvertent and, in any event, the risk of a prejudicial inference was slight. Given the nature of the prosecutor's comment, the trial judge's decision not to give a curative instruction was proper, because, as he noted, it would highlight in the jury's mind that defendant did not take the stand.

Convictions for aggravated murder merged under count II; sentence under count I vacated; otherwise affirmed.