972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Wesley PEASLEE, Petitioner-Appellant,
v.
Manfred (Fred) MAASS, Superintendent, Respondent-Appellee.
 No. 91-35136.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1992.
Decided Aug. 19, 1992.
 
 MEMORANDUM*
 Before TANG, FERGUSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 Petitioner John Wesley Peaslee appeals the decision granting summary judgment in favor of respondent and dismissing Peaslee's habeas corpus petition. Peaslee alleges, inter alia, that the trial court abused its discretion in permitting his shackling and that the court's imposition of a higher sentence following a successful direct appeal was vindictive. We reverse and remand for an evidentiary hearing on the shackling claim and otherwise affirm.
 
 DISCUSSION
 
 2
 We have jurisdiction pursuant to 28 U.S.C. § 2253. The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 3
 I. Shackling.
 
 
 4
 The trial court granted the state's request to shackle Peaslee. On appeal the court affirmed, finding that there was uncontradicted evidence that defendant was dangerous and that there was a real threat of disruptive behavior by him and others during the trial.[1] State v. Peaslee, 651 P.2d 182, 184 (Or.App.1982), rev. denied, 660 P.2d 683 (Or.1983).
 
 
 5
 Peaslee claims that (A) he did not receive a fair trial because he was shackled, (B) the district court erred in denying a hearing on the shackling claim, and (C) his counsel was ineffective for failing to object to the state's conclusory representations about the need for shackling. The district court correctly ruled that petitioner had exhausted his state court remedies on the shackling issues pursuant to 28 U.S.C. § 2254(b) and (c).
 
 
 6
 A. Did the Shackling Violate Due Process?
 
 
 7
 We review a trial court's decision to shackle a defendant for abuse of discretion. Spain v. Rushen, 883 F.2d 712, 716 (9th Cir.1989), cert. denied, 495 U.S. 910 (1990).
 
 
 8
 Shackling is to be used as a last resort. Illinois v. Allen, 397 U.S. 337, 344 (1970). Shackling seriously jeopardizes the presumption of innocence, Spain, 883 F.2d at 721, and is therefore inherently prejudicial. See id. at 721-722; Morgan v. Aispuro, 946 F.2d 1462, 1465 (9th Cir.1991), petition for cert. filed, 61 U.S.L.W. 3001 (U.S. June 22, 1992) (No. 91-2046). Thus, before permitting shackling, it must be shown that (1) there was a compelling need, and (2) less restrictive alternatives could not be substituted. Jones v. Meyers, 899 F.2d 883, 885 (9th Cir.), cert. denied, 111 S.Ct. 95 (1990).
 
 
 9
 In ordering the shackling, the trial court relied on several factors, none of which demonstrate an essential state interest. First, the judge relied upon the serious nature of the charges, i.e., a murder during the course of a robbery. These charges by themselves are not sufficiently informative of potential problems with Peaslee's courtroom behavior to justify shackling. See Wilson v. McCarthy, 770 F.2d 1482, 1485 (9th Cir.1985).
 
 
 10
 Second, the court cited Peaslee's record of serious assaultive conduct. His criminal history is quite serious, but there is no evidence of disruptive courtroom behavior, escape attempts, assaults while in custody, or a pattern of defiant behavior to guards or judicial authorities. Cf. Jones v. Meyers, 889 F.2d at 885; Stewart v. Corbin, 850 F.2d 492, 494 (9th Cir.1988); Wilson v. McCarthy, 770 F.2d at 1485; Loux v. United States, 389 F.2d 911, 919-20 (9th Cir.), cert. denied, 393 U.S. 867 (1968).
 
 
 11
 Third, the court relied upon a general assertion that the lack of control over the public's access to the courtroom was a security problem. However, we find no indication in the record that either the defendant, trial participants or spectators represented a potential threat.
 
 
 12
 The state argues that Peaslee failed to object at trial to the state's characterizations of his record or to the court's finding of a security threat. However, our cases do not put the burden on a defendant to show that he was not a security risk. The state also argues a lack of prejudice, contending that the court's admonition to the jury, the light degree of restraints and the lack of proof that jurors saw the chains weigh against any prejudice the defendant might have suffered. The state misunderstands the nature of the balancing process. The court's instruction and consideration of other options would be valid considerations, if weighed against a compelling need.
 
 
 13
 In summary, we find no showing of a compelling need for the shackling. Because it is possible that the trial court had reasons not apparent from the record for the shackling, we remand for an evidentiary hearing.
 
 
 14
 B. Right to An Evidentiary Hearing.
 
 
 15
 The state claims that Peaslee's request for a hearing was too narrow to encompass the claim he makes on appeal. Because the district court's power of inquiry over a federal habeas corpus petition is plenary, we reject this argument. See Townsend v. Sain, 372 U.S. 293, 312 (1963), overruled in part by Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992).
 
 
 16
 C. Ineffective Assistance of Counsel Claim.
 
 
 17
 Peaslee claims that his counsel was ineffective for failing to challenge the state's conclusory representations about the need for increased security. We review the district court's conclusion de novo. United States v. Layton, 855 F.2d 1388, 1416 (9th Cir.1988), cert. denied, 109 S.Ct. 1178 (1989). Under the first prong of the Strickland test, Peaslee's trial counsel was not constitutionally inadequate. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 18
 II. Failure to Merge the Robbery Conviction with the Felony Murder Conviction.
 
 
 19
 Peaslee contends that the robbery and murder convictions should have been merged. We affirm the district court's ruling that even if the failure to merge violated state law, there was no due process violation.
 
 
 20
 Federal habeas relief is not available for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 110 S.Ct. 3092, 3102 (1990). When a violation of a state's own law renders a trial so arbitrary and unfair that due process is violated, federal habeas relief is available. Powell v. Spalding, 679 F.2d 163, 166 (9th Cir.1982). Peaslee cites Blockburger v. United States, 284 U.S. 299 (1932) to support his claim that the two charges were really one offense. "The Blockburger test is a rule of statutory construction giving rise to a presumption against multiple punishment...." United States v. Woodward, 726 F.2d 1320, 1325 (9th Cir.1983). Peaslee was not subject to multiple punishment, and he does not explain how the failure to merge the convictions, as opposed to the sentences, was so unfair or arbitrary as to violate due process. We reject the merger claim.
 
 
 21
 III. Presumption of Judicial Vindictiveness.
 
 
 22
 Peaslee contends that he received a harsher sentence after a successful appeal which invokes a presumption of judicial vindictiveness under North Carolina v. Pearce, 395 U.S. 711 (1969). The state first argues that the Pearce claim is barred by failure to exhaust. We agree with the district court that Peaslee exhausted his state remedies by relying upon State v. Turner, 429 P.2d 565 (Or.1967), in the state court proceedings. The state also contends that Peaslee is not entitled to a hearing because he never requested a hearing on this issue below. However, the district court's authority to order a hearing is not dependent upon petitioner's request. See Townsend, 372 U.S. at 312.
 
 
 23
 The threshold issue is whether the 1987 sentencing resulted in a higher sentence. The state argues that no presumption of vindictiveness arises because punishment was imposed for the first time on the robbery conviction in 1987. Oregon law supports this conclusion. Punishment for murder after a felony murder conviction is ordinarily proper because the legislature took the felony into account when it set the penalty for felony murder. State v. Fish, 577 P.2d 500, 501 (Or.1978). However, Oregon law does not appear to prohibit sentencing on the underlying felony where, as here, the felony murder conviction is vacated. The Oregon courts found the robbery sentence valid, Peaslee v. Maass, 752 P.2d 870 (Or.App.1988), rev. denied, 761 P.2d 531 (Or.1988), and petitioner supplies no argument or authority to the contrary, except to invoke the spirit of Pearce. Because Pearce applies to resentencing for the same offense after a successful appeal, it is not applicable to these facts. See Pearce, 395 U.S. at 716.
 
 
 24
 IV. Reversal of Prior Rulings in the District Court.
 
 
 25
 Peaslee claims that Judge Jones' reconsideration and reversal of Judge Marsh's decisions constituted an abuse of discretion. The power of each judge of a multi-judge court is equal and coextensive and it permits one to overrule the order of another under proper circumstances. Castner v. First National Bank of Anchorage, 278 F.2d 376, 380 (9th Cir.1960). Whether one judge has done so is reviewed for abuse of discretion. Id. Judge Jones presented cogent reasons for overturning Judge Marsh, and he did not abuse his discretion. See Castner, 278 F.2d at 380.
 
 
 26
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 28 U.S.C. § 1154(d)(3) provides that in federal habeas proceedings, written findings of a State court are presumed to be correct unless the material facts were not adequately developed at the State court hearing. The § 2254(d) presumption of correctness ordinarily applies to factual findings by a state appellate court. Tinsley v. Borg, 895 F.2d 520, 526 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). However, as explained infra, the state appellate court's finding that Peaslee was dangerous and that there was a danger of disruptive behavior is not supported by the record and further factual development is necessary