## STATE OF OREGON,
*Respondent,*

*v.*

## THIEN MINH NGUYEN,
*Appellant.*

### (C90-05-32837; CA A67656)

843 P2d 990

Gary D. Babcock, Salem, argued the cause and filed the brief for appellant.

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his convictions for first degree robbery, ORS 164.415, and attempted theft by extortion. ORS 164.075. He assigns error to the trial court's denial of his motion for mistrial. We affirm.

Defendant was one of four men who went to the Thai Binh restaurant late in the evening. The owner, Phan, served the men some beer and food, even though the restaurant was closed. Defendant told Phan that he wanted to talk to him, which prompted one of his acquaintances, Thanh, to ask defendant, "He is good to us already, what you want to say?" Defendant responded that they had "talked about this at home" and that he wanted "to bring it up." Defendant and Thanh argued, and defendant threw a bottle of beer. The two then left the restaurant. They returned a few minutes later to the table at which the four men had been sitting. Another of the men, Vinh, told Phan, "We are in bad shape. You give us about $400 a month." When Phan said he would not pay, Thanh pulled out a gun, pointed it at Phan and said, "Do you want to live or die?" After Phan again refused to pay, Thanh fired three shots into the ceiling and one into the floor. Another of the men, Kiem, then took the gun from Thanh.

The four men continued to drink beer at their table until a police car drove by. Kiem then walked over to where Phan was sitting and held the gun at his neck and told him, "You can't go anywhere." After the police left the area, Vinh and Kiem again demanded $400 per month from Phan while continuing to hold the gun on him. He again refused to pay, and all four men eventually left. Approximately two weeks later, Thanh and defendant were in the pool hall next to the Thai Binh restaurant. Thanh walked over to the restaurant and again demanded money from Phan. Phan phoned the police, and Thanh was arrested. Defendant was arrested later after Phan identified him and one of the other men through photo throwdowns.

The trials of defendant, Kiem and Thanh were consolidated. Defendant's only defense was that he did not participate in the demand for money, that he merely went to the restaurant, got into a fight with Thanh and soon thereafter fell asleep at the table. During the state's case-in-chief, the

prosecutor questioned a police officer regarding the photo throwdown process used to identify defendant. The officer said that the eight photos used were "received from another police agency." Defendant moved for a mistrial, arguing that the comment was prejudicial. The trial court denied the motion. Defendant did not ask for a curative instruction, nor did the trial court give one.

Defendant assigns error to the trial court's denial of his motion for a mistrial. He argues that the officer's testimony that the photos came from "another police agency" left the jury to infer that defendant had been involved in other crimes of a similar nature and resulted in "conclusive prejudice."

■ Our review of a trial court's ruling on a motion for mistrial is for abuse of discretion, because the trial court is in the best position to determine whether a challenged act has prejudiced a defendant's ability to obtain a fair trial. *State v. Madison*, 93 Or App 182, 187, 760 P2d 1384 (1988); *State v. Jordan*, 79 Or App 682, 686, 719 P2d 1327, *rev den* 301 Or 667, (1986). In *Jordan*, we held that the trial court did not err in denying the defendant's motion for a mistrial after a police officer, during his testimony, made reference to a criminal case in another county involving the defendant. We explained that the trial court did not abuse its discretion, because the officer's reference was inadvertent, did not refer to a specific charge and could have been rectified by a curative instruction, which the defendant declined. 79 Or App at 686.

■ In this case, the officer's reference to "another police agency" was also inadvertent. Defendant argues that, given the pretrial agreement between the prosecutor and defense counsel to present the "mug shots" of defendant at trial in a way that did not show that they were police photos, the prosecutor's question and the officer's response must have been deliberate. We disagree. There is nothing in the record that shows that either was deliberate. Furthermore, the officer made no reference to a specific charge and, although defendant could have requested a curative instruction, he did not. Particularly in view of defendant's defense that he was at the restaurant but was asleep during the time that Thanh, Vinh and Kiem were threatening and demanding money from the owner, it is difficult to believe that the statement could

have been prejudicial. The trial court did not abuse its discretion.

Affirmed.