ARMSTRONG, P. J.
*470 Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison *637 Supervision that deferred petitioner's parole release date for eight years. He argues that the board's order lacks substantial reason to support the board's decision to set the deferral period at eight years.[1] We conclude that the substantial reason requirement applies to the board's decision to set a "specified deferral period," OAR 255-062-0016, that is longer than two years and, because the board's order did not provide sufficient explanation why the board chose a deferral period of eight years in this case, that order lacks substantial reason. Accordingly, we reverse and remand for the board to further explain its reasoning.
To provide context, we first review the board's authority to defer petitioner's parole release date. Under ORS 144.125(3)(a), the board may defer a prisoner's parole release date for not less than two years, but not more than 10 years, if it finds that the prisoner has a "present severe emotional disturbance such as to constitute a danger to the health or safety of the community."[2] That provision also provides that "[t]he board shall determine the scheduled release date, and the prisoner may petition for interim review, in accordance with ORS 144.280." Under ORS 144.280, "[t]he board may not grant the prisoner a hearing that is more than *471 two years from the date parole is denied unless the board finds that it is not reasonable to expect that the prisoner would be granted parole before the date of the subsequent hearing." ORS 144.280(1)(b).[3] That statute also directs that "[t]he board shall determine the date of the subsequent hearing pursuant to rules adopted by the board." ORS 144.280(1)(c). *638 The board has promulgated rules for determining "the date of the subsequent hearing." Under OAR 255-062-0006(3), if the board finds that it is "not reasonable to expect that the inmate would be granted a firm release date, following two years, the Board will deliberate and select a deferral date of between two and 10 years from the date of the decision, or from the date of the inmate's current projected parole release date or current parole consideration date." *472 The board is further directed by OAR 255-062-0016 to base its decision on one or more of the 14 nonexclusive factors set out in that rule.[4]
With that background in mind, we turn to the facts in this case. Petitioner was convicted in 1987 for a murder that he committed in 1986 and was sentenced to life imprisonment with a minimum term of 25 years in prison. The board set an initial projected parole release date for petitioner, which was modified through parole reviews granting *473 good-time credit to May 29, 2008. In 2007, 2009, and 2011, following psychological examinations of petitioner, the board conducted exit interviews with petitioner. After each interview, the board concluded that petitioner suffered from a present severe emotional disturbance (PSED) that constitutes a danger to the health or safety of the community and deferred petitioner's projected parole release date. The 2011 board order deferred petitioner's projected parole release date to May 29, 2016.[5]
In 2016, following a psychological examination and exit interview with petitioner, the board issued the order now under review (BAF #10). In BAF #10, the board again found that petitioner suffers from a PSED that constitutes a danger to the health or safety of the community. The board also found that "it is not reasonable to expect that the inmate will be granted a firm release date before 8 years from the current projected release date." The board stated that that finding was based on factors (4), (9), and (10) in OAR 255-062-0016 and that each of those factors was "an adequate and independent basis for our decision." The board then deferred petitioner's release date eight years *639 and set a new projected parole release date of May 29, 2024.
With regard to the OAR 255-062-0016 factors, the board found as follows:
"(4) Inmate's failure to demonstrate understanding of the factors that led to his/her criminal offense(s); [Petitioner] was unable or unwilling to discuss any personality characteristics that may have contributed to his participation in the torture and murder of [the victim]. Instead, he offered the Board an explanation that the victim was, in fact, a hired assassin who was going to kill him and acted in self-defense. When asked why the victim might be hired to kill him, he offered that he owed other drug dealers money, implying that the drug dealers wanted him dead because of his unpaid debts. Later, he told the Board that he participated in the murder because he was 'young *474 and made mistakes'. In his 2015 psychological evaluation, Dr. McGuffin noted, 'With limited insight about important dynamics in his personality, he is still prone to exhibit poor judgment'. The Board concurs with Dr. McGuffin's assessment and adds that [petitioner's] lack of insight is reflective of his unwillingness to examine the lifestyle and personality traits that resulted in his incarceration. Throughout the course of the hearing, [petitioner] was openly hostile toward the Board and the District Attorney for not recognizing what he believed to be his efforts at reformation. Rather than focus on understanding the Board's concerns, [petitioner] repeatedly accused the current Board and previous Boards of being negative and uninterested in what he believed to be his efforts at reformation.
"(9) Inmate's inability to experience or demonstrate remorse or empathy; By his allegations that [the victim] was a hired killer and minimizing his own involvement in the murder as acting in self-defense, [petitioner] diminished the life of [the victim] and placed himself in the role of a young and inexperienced youth who feared for his life. He told the Board that he was sorry for killing the victim, but this was presented without a hint of remorse and seemed disingenuous and practiced. At one point during the hearing when it was pointed out the victim had died from the injuries sustained, he stated that everyone had to die sometime. [Petitioner] appeared to be focused on the fact that he had served 30 years for the murder and the Board should parole him because the Board had paroled inmates who had murdered multiple victims. It appears that [petitioner] had quantified the value of life and focused on time served rather than efforts at reformation or understanding the effects of his behavior on the surviving victims and society in general.
"(10) Demonstrated poor planning and foresight; [petitioner's] plan for parole primarily involves his deportation to Mexico where he plans to work as an interpreter for visiting Americans or as an auto mechanic with bilingual skills. He dismissed the idea that he might have to return to his county of jurisdiction, and refused to accept that his return to Mexico and his anticipated success might not be as easy as he anticipates. [Petitioner] has no plan for parole within the United States, and repeatedly interrupted the Board when being questioned about the feasibility of his plan to live in Mexico."
*475 Petitioner then sought administrative review of the board's order. As relevant here, petitioner challenged the board's decision to defer his release date by eight years as lacking substantial reason because the board did not explain why it chose eight years, instead of some other number of years between two and 10. The board issued a response (ARR #5) rejecting that challenge because the order "stated, in detail, on what grounds [the board] deferred [petitioner's] parole consideration date, and has further explained it in this administrative review." In response to a different challenge by petitioner, the board's response had reiterated that "the Board found three independent reasons to defer your projected parole release date; your failure to demonstrate understanding of the factors that led to your criminal offenses; and your inability to experience or demonstrate remorse or empathy; and demonstrated poor planning and foresight."
*640 On review, petitioner again challenges the board's decision to defer his parole eight years on substantial reason grounds. We review the board's order for substantial evidence and reason. Jenkins v. Board of Parole , 356 Or. 186, 200-01, 335 P.3d 828 (2014) ; ORS 144.335(3) (providing that appellate review of board orders is "on the same basis as provided in ORS 183.482(8)"). Substantial reason, which is a requirement that "inheres in the substantial evidence standard of review," Jenkins , 356 Or. at 189, 335 P.3d 828, requires the board to provide " 'some kind of an explanation connecting the facts of the case (which would include the facts found, if any) and the result reached.' " Id. at 188, 335 P.3d 828 (quoting Martin v. Board of Parole , 327 Or. 147, 157, 957 P.2d 1210 (1998) ); see also Washington v. Board of Parole , 294 Or. App. 497, 499, 432 P.3d 372 (2018) ("The 'substantial reason' standard requires the board to provide an explanation connecting the adequately supported facts to the inference [the board] draws from them."). "If the board's reasoning is not obvious, its order-which includes both the BAF and the ARR-must at least set forth the bases for its inferences." Mendacino v. Board of Parole , 287 Or. App. 822, 837, 404 P.3d 1048 (2017), rev. den. , 362 Or. 508, 424 P.3d 724 (2018).
Here, petitioner argues that nothing in either BAF #10 or ARR #5 "provides any explanation of how the facts *476 that the board found led it to the specific decision that it reached-to defer petitioner's parole for eight years." Petitioner argues that the board is not entitled to arbitrarily pick a number between two and 10; it must meet the substantial reason requirement articulated in Jenkins for that decision. The problem, petitioner argues, is that here the board did not provide an explanation that connected the OAR 255-062-0016 factors the board found to the selected deferral period of eight years.
The board responds that its order met the substantial reason requirement because it identified the OAR 255-062-0016 factors, and the supporting evidence for those factors, on which it relied to defer petitioner's parole for more than two years. After making those findings, the board argues that it appropriately exercised its discretion to set the exact length of the deferral period at eight years. The board argues that the substantial reason requirement has to be considered in relation to the statutory standard at issue. Here, the board asserts, the statutory standard for the length of the deferral is entirely discretionary and, thus, the board should not be required to further explain its discretionary decision to choose eight years. The board also asserts that requiring such an explanation for the deferral period would serve no useful purpose.
Petitioner responds, however, that the statutory standard is not unbounded discretion, as asserted by the board. Rather, ORS 144.280(1)(b) imposes a reasonableness standard, which, petitioner argues, requires some explanation. Moreover, petitioner points out that the board was required to include findings and conclusions in its order under ORS 144.280(3), which indicates that the legislature intended the board's decision on the length of the deferral to be reviewable. To be reviewable, petitioner argues, the board's decision requires an explanation that comports with the substantial reason requirement.
To evaluate the merits of the parties' arguments, we must first discern what the statutes require of the board with respect to setting a deferral period. As set out above, under ORS 144.125(3)(a), the board may defer a prisoner's scheduled release date for not less than two years, but not *477 more than 10 years, if it finds the prisoner has a PSED "such as to constitute a danger to the health or safety of the community." That statute further instructs that the board is to determine the scheduled release date "in accordance with ORS 144.280." Thus, the date on which the new release date is to be set is a separate consideration from the dangerousness finding set out in ORS 144.125(3)(a).
Under ORS 144.280(1)(a), if the board denies parole for a prisoner who committed his or her crime before November 1, 1989, such as petitioner here, the board is not permitted to grant "a subsequent hearing that is less than two years, or more than 10 years, from the date parole is denied, unless the two-year period would exceed the maximum sentence *641 imposed by the court." Subsection (1)(b) provides that "[t]he board may not grant the prisoner a hearing that is more than two years from the date parole is denied unless the board finds that it is not reasonable to expect that the prisoner would be granted parole before the date of the subsequent hearing." Subsection (1)(c) then requires that "[t]he board shall determine the date of the subsequent hearing pursuant to rules adopted by the board." Thus, the board's discretion to determine the deferral period is not entirely unbounded. Rather, ORS 144.280(1)(b) provides the statutory standard for a deferral period of more than two years, and ORS 144.280(1)(c) provides that the particular deferral date chosen by the board must be determined pursuant to rules adopted by the board.
In addition, generally, the board is not required to issue written findings and conclusions. See Jenkins , 356 Or. at 196, 335 P.3d 828 (citing ORS 183.315(1), which exempts the board from the written findings and conclusions requirement in ORS 183.470(2) ). However, as pointed out by petitioner, here ORS 144.280(3) requires the board to issue a final order that contains findings of fact and conclusions of law when it decides to defer more than two years. That subsection specifically requires that
"[t]he findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the board's order. Unless the prisoner bears the *478 burden of persuasion, the order shall include findings necessary to deny the prisoner parole for any period of time when the prisoner would be presumed to be eligible for parole ."
(Emphasis added.) Thus, "[u]nless the prisoner bears the burden of persuasion," subsection (3) specifically contemplates that the board will make findings necessary to support the board's decision to defer the prisoner's parole for the specific period of time determined by the board. That requirement necessarily contemplates inclusion of a substantial reason component, because substantial reason is a component of the substantial evidence standard of review that the legislature has determine we are required to apply to the board's findings of fact. See Jenkins , 356 Or. at 189, 335 P.3d 828 ; ORS 144.335(3).
Based on the foregoing, we conclude that our substantial reason standard of review applies to the board's deferral period decision under ORS 144.280. Whether the board has sufficiently explained such a decision, so as to satisfy substantial reason, is necessarily guided by the board's rules adopted in accordance with ORS 144.280(1)(c), which directs the board to "determine the date of the subsequent hearing pursuant to rules adopted by the board."
Again, as set out above, the board has adopted such rules. Under OAR 255-062-0006(3), if the board finds that it is "not reasonable to expect that the inmate would be granted a firm release date, following two years, the Board will deliberate and select a deferral date of between two and 10 years." And, in particular, OAR 255-062-0016 provides the guidance for the board in selecting that deferral date. That rule provides:
"Following an interview and consideration of all the information presented at the hearing, the Board may find by majority vote of the members participating in the hearing, that *** it is not reasonable to expect that the inmate would be granted a firm release date before the end of a specified deferral period , not to exceed ten years, based on one or more of the following [14] non-exclusive factors[.]"
(Emphasis added.) Thus, the rule directs the board to determine its selection of "a specified deferral period" based on the factors set forth in that rule. See *479 Mendacino , 287 Or. App. at 831, 404 P.3d 1048 ("The factors listed under [ OAR 255-062-0016 ] guide the board's decision as to when to set the next exit interview; they do not change the substantive standard for whether to release the inmate or to defer parole." (Emphases in original.)).
Here, the board provided in its order that it was deferring petitioner's parole release date based on three factors set out in OAR 255-062-0016, viz. , "(4) Inmate's failure to demonstrate understanding of the factors that led to his/ her criminal offense(s)," "(9)
*642 Inmate's inability to experience or demonstrate remorse or empathy," and "(10) Demonstrated poor planning and foresight." The board detailed in BAF #10 the facts it found and relied on to determine that each of those factors applied to petitioner, which is set forth above, 297 Or. App. at 473-74. The difficulty with BAF #10 and ARR #5 is that nowhere does the board explain or suggest the rationale that it applied to connect those facts, and those three factors, to the board's decision to set the "specified deferral period" at eight years. We recognize that the substantial reason requirement is not meant to be onerous-the board is not required to provide a detailed or complex explanation. However, the board has failed to provide an explanation from which we could infer why the board selected eight years. Accordingly, we must reverse and remand for the board to provide that explanation.
We also decline the board's invitation to not remand this case because further explanation for the deferral period would not serve a useful purpose. The substantial reason component of our standard of review does serve a purpose-it "exists 'both for purposes of meaningful judicial review and to ensure that the agency gives responsible attention to its application of the statute.' " Jenkins , 356 Or. at 195, 335 P.3d 828 (quoting Ross v. Springfield School Dist. No 19 , 294 Or. 357, 370, 657 P.2d 188 (1982) ); see also Gordon v. Board of Parole , 343 Or. 618, 633, 175 P.3d 461 (2007) ("The standards of review set out in ORS 183.482(8) reflect a legislative policy, embodied in the [Administrative Procedures Act], that decisions by administrative agencies be rational, principled, and fair, rather than ad hoc and arbitrary."). Those purposes are just as applicable here. Under ORS 144.280(1)(b), the board cannot defer parole for more than two years "unless the board *480 finds that it is not reasonable to expect that the prisoner would be granted parole before the date of the subsequent hearing." In conformance with that direction, OAR 255-062-0016, requires the board to base its selection of "a specified deferral period" on when it would be reasonable that the prisoner would be granted a firm release date. Without anything from which to infer how the OAR 255-062-0016 factors found by the board led it to select "a specified deferral period," we cannot meaningfully review the board's decision, and there is no assurance that the board has paid "responsible attention" to the standards that it must apply to that decision.
Reversed and remanded.

In a second assignment of error, petitioner also challenges the board's order on ex post facto grounds. We reject that assignment of error as foreclosed by our case law. See Mendacino v. Board of Parole , 287 Or. App. 822, 831-32, 404 P.3d 1048 (2017), rev. den. , 362 Or. 508, 424 P.3d 724 (2018) (rejecting ex post facto challenge to application of ORS 144.280 and OAR 255-062-0016 to petitioner, who had committed his crime in 1977).

ORS 144.125(3)(a) provides:
"If the board finds the prisoner has a present severe emotional disturbance such as to constitute a danger to the health or safety of the community, the board may order the postponement of the scheduled parole release until a specified future date. The board may not postpone a prisoner's scheduled release date to a date that is less than two years, or more than 10 years, from the date of the hearing, unless the prisoner would be held beyond the maximum sentence. The board shall determine the scheduled release date, and the prisoner may petition for interim review, in accordance with ORS 144.280."
The legislature amended ORS 144.125(3)(a) in 2009, Or. Laws 2009, ch. 660, section 3, and provided that the amendment applies to prisoners "[w]hose release date is postponed under ORS 144.125 on or after January 1, 2010." Or. Laws 2009, ch. 660, § 49(3).

ORS 144.280 provides:
"(1)(a) If the State Board of Parole and Post-Prison Supervision denies parole to a prisoner sentenced for a crime committed prior to November 1, 1989, the board may not grant the prisoner a subsequent hearing that is less than two years, or more than 10 years, from the date parole is denied, unless the two-year period would exceed the maximum sentence imposed by the court.
"(b) The board may not grant the prisoner a hearing that is more than two years from the date parole is denied unless the board finds that it is not reasonable to expect that the prisoner would be granted parole before the date of the subsequent hearing.
"(c) The board shall determine the date of the subsequent hearing pursuant to rules adopted by the board. Rules adopted under this paragraph must be based on the foundation principles of criminal law described in section 15, Article I of the Oregon Constitution.
"(2) If the board grants a prisoner a hearing that is more than two years from the date parole is denied, the prisoner may submit a request for an interim hearing not earlier than the date that is two years from the date parole is denied and at intervals of not less than two years thereafter. If the board finds, based upon a request for an interim hearing, that there is reasonable cause to believe that the prisoner may be granted parole, the board shall conduct a hearing as soon as is reasonably convenient.
"(3) When the board grants a prisoner a hearing that is more than two years from the date parole is denied and when the board denies a petition for an interim hearing, the board shall issue a final order. The order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the board's order. Unless the prisoner bears the burden of persuasion, the order shall include findings necessary to deny the prisoner parole for any period of time when the prisoner would be presumed to be eligible for parole."

OAR 255-062-0016 provides:
"Following an interview and consideration of all the information presented at the hearing, the Board may find by majority vote of the members participating in the hearing, that it is not reasonable to expect that the inmate would be granted a change in the terms of confinement, or it is not reasonable to expect that the inmate would be granted a firm release date before the end of a specified deferral period, not to exceed ten years, based on one or more of the following non-exclusive factors:
"(1) A determination by the Board, based on the psychological evaluation and all the information available at the hearing, that the inmate has a mental or emotional disturbance, deficiency, condition, or disorder predisposing him/her to the commission of any crime to a degree rendering the inmate a danger to the health or safety of others;
"(2) Infractions of institutional rules and discipline;
"(3) Commission of crimes subsequent to the crime of conviction;
"(4) Inmate's failure to demonstrate understanding of the factors that led to his/her criminal offense(s);
"(5) Inmate's demonstrated lack of effort to address criminal risk factors of psychological or emotional problems;
"(6) Inmate's demonstrated lack of effort to address criminal risk factors of substance abuse problems;
"(7) Failure to seek and maintain appropriate work or training;
"(8) Inmate's failure to seek out and benefit from programming including but not limited to sex offender treatment, batterers intervention programs, anger management, cognitive therapy, and victim impact panels where available;
"(9) Inmate's inability to experience or demonstrate remorse or empathy;
"(10) Demonstrated poor planning and foresight;
"(11) Demonstrated impulsivity; or
"(12) Demonstrated lack of concern for others, including but not limited to any registered victims.
"(13) Refusal to participate in Board-ordered psychological evaluation(s) and/or refusal to participate in Board hearing.
"(14) The inmate is serving a concurrent sentence over which the Board does not have release authority, and which has a release date ten or more years from the projected parole release date on the Board sentence."

The 2007 and 2009 board orders each deferred petitioner's release date two years. In 2011, the board additionally found that "it is not reasonable to expect that you will be granted a firm release date before 4 years from your current projected release date" based on finding the presence of factors (4), (6), and (9), listed in OAR 255-062-0016. That order deferred petitioner's release date for four years.