No. 162　　　　February 26, 2025　　　　265

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

BRIAN DOUGLAS HESSEL,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A180078

Argued and submitted May 29, 2024.

Jedediah Peterson argued the cause for petitioner. Also on the opening brief was O'Connor Weber LLC. Also on the reply brief was Equal Justice Law.

Carson L. Whitehead, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Pagán, Judge, and Mooney, Senior Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision (the board) that postponed his release date for two years under ORS 144.125(2). He argues, among other things, that the board's postponement of his release date for engaging in serious misconduct lacked substantial evidence and substantial reason. We agree that the board's order did not sufficiently explain why petitioner's conduct constituted serious misconduct, and accordingly, we reverse and remand.

Petitioner was convicted by jury of six counts of murder and two counts of aggravated murder for killing a woman in 1989. *State v. Hessel*, 117 Or App 113, 115, 844 P2d 209 (1992), *rev den*, 318 Or 26 (1993). He was sentenced to life in prison with a 30-year minimum term of incarceration. After a hearing on January 5, 2022, the board issued Board Action Form (BAF) #10 affirming petitioner's release date of April 10, 2022. BAF #10 also contains a finding that petitioner's emotional disturbance was "not presently so severe as to constitute a danger to the health or safety of the community."

The board held another hearing on March 23, 2022, which petitioner declined to attend. Petitioner does not dispute the following facts. According to the findings made by a Department of Corrections (DOC) hearings officer and then further confirmed by the board in BAF #13, petitioner sent a note to the prison library coordinator on February 14, 2022, which read: "If it's not too much trouble- will you be my valentine?" For that conduct, petitioner was found in violation of two DOC rules: Rule 4.15, Compromising an Employee, and Rule 2.10, Disrespect I. The board found "reasonable grounds that AIC has engaged in serious misconduct during confinement" and therefore set a parole postponement hearing pursuant to ORS 144.125(2).

Under ORS 144.125(2), the board "shall postpone a prisoner's scheduled release date if it finds, after a hearing, that the prisoner engaged in serious misconduct during confinement." The Oregon Administrative Rules do not define "serious misconduct," but state that "it may be classified within one of the following four categories * * *: (a) Hazard

to human life or health; (b) Hazard to security; (c) Hazard to property; or (d) Third in a series of rule violations within a three-month period." OAR 255-050-0010(2).

At the postponement hearing on April 6, 2022, petitioner argued that he sent the note to get placed in segregation for security reasons, due to fear of violence from another prisoner. He said he had "no lascivious intent" and did not think that the library coordinator would take offense at the note. After the postponement hearing, the board issued BAF #13. It found that petitioner had engaged in serious misconduct during confinement constituting a hazard to security under OAR 255-050-0010(2). Therefore, the board extended petitioner's prison term by two years for a projected release date of April 10, 2024.[1] The board further found that "a present severe emotional disturbance may be present" and set another hearing for October 2023 to address that question with an updated psychological evaluation.

Petitioner sought administrative review of BAF #13. As relevant here, he argued that the board lacked substantial evidence to support a finding that he had a present severe emotional disturbance (PSED) or that he had engaged in misconduct which would rise to a level authorizing the postponement of release on parole. The board denied relief in Administrative Review Response (ARR) #6:

> "[S]ubstantial evidence supported the Board's finding you committed serious misconduct during confinement. In BAF #13, the Board found you committed two DOC rule violations, Compromising an Employee (Rule 4.15), and Disrespect I (Rule 2.10). BAF #13 explained that '[t]he facts related to the findings are documented in the violation report and BAF #12,' the latter of which provided a summary of the factual circumstances of the rule violations you committed. * * * In your case, evidence showing you engaged in conduct to compromise an employee presents a serious hazard to security, and substantial evidence supports the Board's finding."[2]

---

[1] Neither party has submitted any information indicating that this case has become moot. *See* ORAP 8.45 (duty to inform court of facts rendering appeal moot).

[2] ARR #6 refers to and appears to incorporate BAF #12. BAF #12 provides no further factual findings nor explanation of the board's reasoning than reflected in ARR #6 or BAF #13. Therefore, we do not discuss BAF #12 further.

Petitioner timely seeks judicial review. In his first assignment of error, he argues that the board erred in finding a PSED. His second and third assignments of error challenge the board's determination that he engaged in serious misconduct and its postponement of his release date for that reason. The board contends that it did not find a PSED, and that it correctly postponed petitioner's release date because he engaged in serious misconduct. Further, the board argues that petitioner failed to preserve his argument that his conduct did not constitute *serious* misconduct.

We first briefly address whether the board found a PSED. BAF #13 did not definitively find a PSED, but rather indicated that a PSED "may be present," and set another hearing to determine that issue with an updated psychological report. We therefore reject petitioner's first assignment of error.[3]

Turning to the remaining assignments of error, petitioner makes several arguments challenging the board's conclusion that he committed serious misconduct. Because it is determinative, we address only petitioner's argument that the board erred in not providing substantial reason for its conclusion that petitioner engaged in serious misconduct. We begin with the board's contention that petitioner did not preserve that argument. Although petitioner raised several alternative arguments, in his administrative review request he asserted that there "is no substantial evidence to support a finding *** that [he] engaged in misconduct which would rise to a level authorizing the postponement of release on parole." The board's response in ARR #6 explained that it proved by substantial evidence that petitioner committed serious misconduct, indicating that it understood and considered petitioner's argument. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (preservation requires the party to provide the agency "with an explanation of his or her objection that is specific enough" so that the agency can "identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction

---

[3] We understand petitioner to have raised this assignment of error to protect his rights in case we were to conclude that the board had found a PSED. That conclusion may have provided an alternative basis to affirm the board's order. But our resolution effectively makes this assignment of error unnecessary.

is warranted"). Petitioner adequately raised the issue of whether his conduct qualified as serious in his request for administrative review; the issue is therefore preserved for our review.

We next address whether the board's decision to postpone petitioner's release date met the substantial reason requirement. "We review a final order of the board for legal error, substantial evidence, and substantial reason." *Guzek v. Board of Parole*, 325 Or App 795, 796, 530 P3d 510, *rev den*, 371 Or 476 (2023). "The substantial reason requirement flows logically from, and is necessarily a part of, the substantial evidence standard, requiring the board to connect the facts of the case and the result reached." *Id.* (internal quotation marks omitted).

We have previously remanded for the board to explain its reasoning where the board "provided only a conclusion \* \* \*, not an explanation." *Castro v. Board of Parole*, 232 Or App 75, 85, 220 P3d 772 (2009). In *Contreras v. Board of Parole*, 297 Or App 469, 479, 443 P3d 636, *rev den*, 365 Or 657 (2019), the board deferred the petitioner's release date for eight years based on facts it identified in the record and applied to three factors authorizing deferral for longer than two years. We reversed because "nowhere does the board explain or suggest the rationale that it applied to connect those facts, and those three factors, to the board's decision to set the 'specified deferral period' at eight years." *Id.* Similarly, in *Washington v. Board of Parole*, 294 Or App 497, 502-03, 432 P3d 372 (2018), we concluded that the board had an "obligation to explain" its determination that the petitioner's condition was severe, where it expressly based its determination solely on a psychological evaluation which described his disorder as "moderate." We noted that it might have been possible for the board to justify its conclusion based on other facts in the evaluation or in the record, but its order "did not refer to any finding of severity, express or implied." *Id.* at 504-05.

Here, the board found that petitioner sent a Valentine's note to a DOC employee, broke two DOC rules by doing so, and determined that his conduct could be classified into one of the four categories of serious misconduct under

OAR 255-050-0010(2). Petitioner does not contest those facts but contends that the board did not adequately explain how those facts constituted *serious* misconduct as opposed to merely ordinary misconduct. *See State v. Smith*, 66 Or App 374, 384, 675 P2d 1060, *rev den*, 297 Or 339 (1984) (noting that "serious" can be synonymous with "severe"). The use of the word "serious" implies that plain misconduct, on its own and without further explanation, is insufficient grounds to postpone a prisoner's release date. The board appears to argue that petitioner's conduct qualified as serious because he engaged in conduct to compromise an employee, which presented a hazard to security. We agree that conduct to compromise an employee could constitute serious misconduct. But the board did not explain how any of the facts it found, either alone or in combination, constituted serious misconduct here. *See Washington*, 294 Or App at 499 ("The 'substantial reason' standard requires the board to provide an explanation connecting the adequately supported facts to the inference it draws from them."). Because the board did not provide an explanation that sufficiently connected the facts of the case to the result it reached, its decision lacked substantial reason. We therefore reverse and remand for the board to explain its reasoning. *See* ORS 183.482(8)(c) (providing that the court "shall set aside or remand the [board's] order if the court finds that the order is not supported by substantial evidence in the record"); ORS 144.335(3) ("The Court of Appeals may affirm, reverse or remand the order on the same basis as provided in ORS 183.482(8).").

Reversed and remanded.